```
JOHN H KIM (State Bar No: 219975)
jkim@cookseylaw.com
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone: (714) 431-1100
Facsimile: (714) 431-1145

Attorneys for Movant, CHRYSLER
FINANCIAL SERVICES AMERICAS LLC
```

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>RONALD JAMES BARBIERI,<br><br>                                  **Debtor(s)**.<br><br>CHRYSLER FINANCIAL SERVICES AMERICAS LLC, f/k/a DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC,<br><br>                                  **Movant**.<br><br>vs.<br><br>RONALD JAMES BARBIERI and TIMOTHY W HOFFMAN, Trustee,<br><br>                                **Respondents**. | Case No. 09-12584 AJ<br><br>CHAPTER 7<br><br>RS No: JHK-303<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Hearing Date and Time:<br><br>Date:    NOVEMBER 25, 2009<br>Time:   9:00 AM<br>Dept: |

       CHRYSLER FINANCIAL SERVICES AMERICAS LLC (hereinafter "Movant"), Moves this Court for Relief from the Automatic Stay so that Movant may proceed to repossess and liquidate the 2004 Chrysler Sebring, Vehicle Identification No. 1C3EL55R04N112585 (the "Vehicle") pursuant to the Retail Installment Contract (the "Contract") executed by the Debtor(s), based upon the following:

       11 U.S.C. §362(d) states:

              "On request of a party in interest and after notice and a hearing, the court

              shall grant relief from the stay provided under subsection (a) of this section,

such as by terminating, annulling, modifying, or conditioning such stay—

    (1) for cause, including the <u>lack of adequate protection</u> of an interest in property of such party in interest; or

    (2) with respect to a stay of an act against property under subsection (a) of this section, if --

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization." (Emphasis added)

The Ninth Circuit Bankruptcy Appellate Panel (B.A.P.) held in <u>In re Preuss</u> 15 B.R. 896 (9th Cir. B.A.P. 1981) that:

"Relief must be granted if the debtor has no equity in the property, and the property is not necessary to an effective reorganization. ...Since reorganization is not relevant in Chapter 7, the only issue is to whether there is equity in the property. ...There being no equity for the benefit of the Chapter 7 estate ... it was incumbent on the court to dissolve the automatic stay."

11 U.S.C. §362(g) states:

"In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section --

    (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

    (2) the party opposing such relief has the burden of proof on all other issues." (Emphasis added.)

In this case, as of the date of the filing of this Motion, Respondents were indebted to Movant under the terms of the Contract in the sum of $8,956.60. (Declaration of Cynthia Latimer). The fair market value of the Vehicle is $5,900.00, according to the *Kelley Blue Book* used car guide website. (Declaration of Cynthia Latimer) A true and correct copy of Schedule D is attached as Exhibit "C" to the List of Exhibits A-D. Therefore, relief should be granted pursuant to 11 U.S.C. §362(d)(2)(a) since Debtor(s) has no equity in the

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

09-12584 AJ
1700.5698   518216.1

2

MOTION FOR RELIEF FROM STAY

property and the property is not necessary for an effective reorganization.

In addition, pursuant to 11 U.S.C. §362(d)(1) "cause" exists for granting relief since the Contract is in default for the regular payments coming due August 25, 2009, through October 25, 2009, each in the amount of $403.67. Late charges in the amount of $334.94 have been assessed to Debtor(s)' account. Attached to Exhibit A-E as Exhibit "D" is Debtor(s)' post-petition account history with Movant. (Declaration of Cynthia Latimer). The property continues to depreciate and is not necessary for Debtor(s)' effective reorganization. Movant has not been compensated for the loss in the value of its security and, therefore, it is not adequately protected.

Movant would exercise its rights and remedies under state law but for the automatic stay issued by this Court on the filing of the petition herein.

WHEREFORE, Movant prays for an order:

1. Terminating the automatic stay as to Movant, its successors and assigns;

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Vehicle;

3. That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived;

4. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

5. For such other and further relief as the court deems just and proper.

DATED: November 2, 2009

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By: _____
JOHN H KIM,
Attorneys for Movant